UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK GREGORY AXTON,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO.  16-5419** |
| **UNITED STATES DEP'T OF JUSTICE, ET AL.,**<br>    Defendants | **SECTION: "E" (1)** |

### ORDER AND REASONS

Before the Court is a motion for summary judgment filed by the Defendants, the United States Department of Justice and the Federal Bureau of Investigation.[1] Plaintiff Mark Gregory Axton ("Axton") has not filed an opposition to the motion. Accordingly, the Court considers the Defendants' statement of uncontested facts to be admitted pursuant to Local Rule 56.2. Although the motion for summary judgment is unopposed, summary judgment is not automatic, and the Court must determine whether the Defendants have shown an entitlement to judgment as a matter of law.[2]

This matter involves Axton's claims against the U.S. Department of Justice and the FBI.[3] Axton's claims stem from his being prevented by the FBI from purchasing a firearm.[4] Sometime before August 13, 2015, Axton attempted to purchase a firearm from a Federal Firearms Licensee participating in the National Instant Criminal Background Check System (NICS).[5] The FBI responded to the NICS inquiry denying the Federal Firearms Licensee permission to complete the transaction with Axton.[6] The basis for the denial was Axton's 1984 felony conviction for armed robbery in the 22nd Judicial District

---

[1] R. Doc. 5.
[2] *See, e.g., Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); FED. R. CIV. P. 56(a).
[3] *See generally* R. Doc. 1.
[4] R. Doc. 1. *See also* R. Doc. 5-4 (Declaration of Charles R. Mays and related documents).
[5] R. Doc. 5-2 at 1, ¶1.
[6] R. Doc. 5-2 at 1, ¶2.

Court in the Parish of St. Tammany, State of Louisiana.[7] Axton received an automatic first offender pardon for this offense from the state on January 6, 1987,[8] and the pardon took effect retroactively on December 15, 1986.[9] Citing the full pardon he received, Axton filed an initial administrative appeal with the FBI on August 13, 2015, and the FBI responded to the appeal on August 14, 2015.[10] The FBI informed Axton, despite his having been fully pardoned, he was prevented from purchasing a firearm under 18 U.S.C. §§ 921(a)(20) and 922(g)(1).[11] The FBI invited Axton, if he wished to challenge the accuracy of the denial, to submit "certified court documents pertaining to the prohibiting record,"[12] Sometime thereafter, Axton submitted records documenting his pardon to the FBI. On June 23, 2016, the FBI again responded to Axton, informing him the material submitted "does not nullify [his] transaction's prohibition because it does not restore federal firearm rights."[13]

Axton filed suit on May 12, 2016. Axton's suit is authorized by the Brady Handgun Violence Protection Act, which provides a private right of action to individuals whose firearm transactions are denied under the NICS.[14] The Defendants moved for summary judgment on July 27, 2016,[15] arguing the denial of Axton's firearm transaction was lawful and appropriate under 18 U.S.C. §§ 921(a)(20) and 922(g)(1). The Court considers this motion now.

Section 922(g)(1) prohibits "any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" from possessing any

---

[7] R. Doc. 5-2 at 1, ¶3.
[8] R. Doc. 5-2 at 1, ¶3. *See* R. Doc. 5-4 at 6 (Verification of First Offender Pardon).
[9] R. Doc. 5-2 at 1, ¶3. *See* R. Doc. 5-4 at 6 (Verification of First Offender Pardon).
[10] R. Doc. 5-2 at 2, ¶¶3–4.
[11] R. Doc. 5-2 at 1, ¶5.
[12] R. Doc. 5-2 at 1, ¶6.
[13] R. Doc. 5-2 at 2, ¶10.
[14] 18 U.S.C. § 925A. The aggrieved person "may bring an action . . . against the United States . . . for an order . . . that the transfer be approved. . . ." *Id. See also Menard v. United States*, 118 F. App'x 823 (5th Cir. 2004); *Richardson v. Fed. Bureau of Investigation*, 264 F.3d 1141 (5th Cir. 2001).
[15] R. Doc. 5.

firearm or ammunition.[16] Section 921(a)(20), in turn, defines a "crime punishable by imprisonment for a term exceeding one year":

> What constitutes a conviction of such crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.[17]

The resolution of this case turns on the application of the "unless clause" of Section 921(a)(20). The Defendants argue the "unless clause" applies, and Axton is thus barred from possessing a firearm, despite Axton having received a full pardon.[18] In support, the Defendants point to Louisiana Revised Statutes section 40:1379.3(C)(10), which prohibits convicted felons, and those receiving pardons, from acquiring concealed-carry firearm permits. The Defendants argue, because Louisiana law forbids pardoned individuals from acquiring concealed-carry permits, those individuals as a matter of law may not "ship, transport, possess, or receive firearms" for purposes of the "unless clause" of Section 921(a)(20). Thus, according to the Defendants, Axton's pardon did not restore his right to possess firearms.[19]

The United States Supreme Court considered Section 921(a)(20) and the meaning of its "unless clause" in *Caron v. United States*.[20] The defendant in *Caron* was a convicted felon whose civil rights were restored post-conviction by operation of Massachusetts state law. Although his rights were restored, state law prohibited the defendant, due to his felony conviction, from possessing handguns outside of his home or place of business.[21]

---

[16] 18 U.S.C. § 922(g)(1).
[17] 18 U.S.C. § 921(a)(20).
[18] R. Doc. 5-3 at 5.
[19] R. Doc. 5-3 at 7.
[20] 524 U.S. 308 (1998).
[21] *Id.* at 311.

Because the defendant's rights were restored, however, he was able to possess rifles or shotguns.[22] The Supreme Court was faced with the question of whether the defendant, because he was unable to possess handguns outside of his home or place of business, was unable to "ship, transport, possess, or receive firearms" such that his rights had not been restored for purposes of Section 921(a)(20) and, as a result, the "unless clause" applied. The Court adopted an "all-or-nothing" approach," concluding that, if there are any restrictions whatsoever on the felon's rights, restoration under Section 921(a)(20) has not occurred.[23] The Court explained its "all-or-nothing" approach as follows:

> [A] state weapons limitation on an offender activates the uniform federal ban on possessing any firearms at all. This is so even if the guns the offender possessed were ones the State permitted him to have. The State has singled out the offender as more dangerous than law-abiding citizens, and federal law uses this determination to impose its own broader stricture.[24]

The *Caron* Court explained that Congress, in enacting Sections 921(a)(20) and 922(g)(1), intended "to keep guns away from all offenders who, the Federal Government feared, might cause harm, even if those persons were not deemed dangerous by the States."[25] The Court reasoned, because "Massachusetts treats [the defendant] as too dangerous to trust with *handguns*, though it accords this right to law-abiding citizens[,]" the defendant is precluded under Section 921(a)(20) from possessing "*any guns*."[26]

Neither the Supreme Court nor the Fifth Circuit has addressed how Louisiana's prohibition against felons, and those who have been pardoned, from obtaining concealed-carry permits interacts with Section 921(a)(20), though two federal district courts within the Fifth Circuit have done so. In *United States v. Sam*, a court in the Western District of

---

[22] *Id.*
[23] *Id.* at 316–17.
[24] *Id.* at 315.
[25] *Id.*
[26] *Id.* at 316–17 (emphasis added).

4

Louisiana recognized "Louisiana law . . . prohibits convicted felons, like Sam, from obtaining a concealed carry permit. This restriction prohibits Sam from both possessing and transporting a firearm in the same manner as those who do not have a felony conviction."[27] The *Sam* court concluded, "In short, Louisiana has deemed Sam too dangerous to obtain a concealed carry permit and this finding, under *Caron*, is sufficient to trigger the federal ban contained in the 'possess' and 'transport' elements of the 'unless clause' of § 921(a)(20)."[28] The court emphasized, "because Sam does not have the same freedom to transport and possess a firearm as a Louisiana citizen without an aggravated battery conviction, under the 'all or nothing' approach adopted in *Caron*, this restriction is sufficient to trigger the 'unless clause.'"[29] Another court in the Western District reached similar conclusions in *United States v. Viola*.[30]

Both *Sam* and *Viola* were criminal prosecutions, and whether the "unless clause" of Section 921(a)(20) applied was determinative of whether the defendants could be charged criminally with being felons in possession under Section 922(g)(1). The instant case is not a criminal prosecution but a civil action in which Axton, a convicted felon who has been pardoned, was prohibited from purchasing a firearm under the "unless clause" of Section 921(a)(20). Although the *Sam* and *Viola* decisions were rendered in the context of criminal proceedings, the reasoning behind those decisions applies with equal weight in this civil case. In *Van der hule v. Holder*, a case decided by the United States Court of Appeals for the Ninth Circuit, the plaintiff attempted to purchase a firearm from a firearm dealer but was prohibited from doing so after the dealer ran an NICS background check,

---

[27] *United States v. Sam*, No. 6:15-00254, 2016 WL 1600229, at *5 (W.D. La. Mar. 23, 2016), *adopted* 2016 WL 1573002 (W.D. La. Apr. 16, 2016).
[28] *Id.*
[29] *Id.*
[30] *See United States v. Viola*, No. 6:15CR00253-01, 2016 WL 3040695 (W.D. La. May 24, 2016).

which revealed prior felony convictions.[31] The Ninth Circuit noted, "The NICS examiner who processed the background check concluded that Van der hule's prior convictions precluded him from receiving a Montana concealed weapons permit, and therefore he was also precluded under federal law from possessing or receiving any firearm."[32] The plaintiff filed suit, and the Ninth Circuit ultimately considered the interplay between the "unless clause" of Section 921(a)(20) and a Montana state law restricting felons from obtaining concealed-carry permits.[33] The Ninth Circuit noted that, under state law, the plaintiff could open-carry certain firearms but was "barred from obtaining a permit to carry concealed handguns."[34] Relying on the Supreme Court's "all-or-nothing" approach in *Caron*, the Ninth Circuit concluded, because the plaintiff was barred from obtaining a concealed-carry permit under state law, the plaintiff was unable to "possess" any firearms for purposes of Section 921(a)(20):

> In one sense Montana does not restrict Van der hule from possessing any *firearms*. There are no firearms that others may possess in Montana that Van der hule cannot own; indeed, there are no *firearms* that Van der hule cannot lawfully carry in Montana. Montana does, however, restrict the *way* in which Van der hule can *possess* such firearms. Like Massachusetts' restriction in *Caron*, Montana has effectively imposed a time, place, and manner restriction on Van der hule's right to possess firearms. After *Caron*, we think that is sufficient to trigger the "unless clause" in § 921(a)(20).[35]

The Ninth Circuit's decision in *Van der hule* is on all fours with this case, and the Court finds the Ninth Circuit's reasoning to be persuasive. Because Axton is prohibited under Louisiana law from obtaining a concealed-carry permit due to his prior felony conviction, Axton is unable to possess any firearms pursuant to the "unless clause" of Section 921(a)(20), despite Axton having been pardoned. The all-or-nothing approach

---

[31] *Van der Hule v. Holder*, 759 F.3d 1043, 1045 (9th Cir. 2014)
[32] *Id.*
[33] *See generally id.*
[34] *Id.* at 1049.
[35] *Id.*

defined by the Supreme Court in *Caron* effectively mandates this conclusion, which is in line with the decisions reached in *Sam*, *Viola*, and *Van der hule*. As a matter of law, Axton is prohibited from possessing a firearm under Section 921(a)(20).

Accordingly;

**IT IS ORDERED** that the Defendants' motion for summary judgment, to which the Plaintiff has not filed an opposition, is **GRANTED**.

**New Orleans, Louisiana, this 25th day of August, 2016.**

                                                  **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**